**In re Raymond (NMN) HAMA, Jr., Debtor.**

**Bankruptcy No. 81–00156–N.**

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

Jan. 19, 1982.

Ashton H. Pully, Jr., Virginia Beach, Va., for debtor.

Stuart D. Glasser, Glasser & Glasser, Norfolk, Va., for Virginia Nat. Bank.

## A PRACTICAL OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

What happens when a debtor has made payments under a section 524(c) agreement which the Court will not approve?

When Raymond Hama, Jr., filed bankruptcy on February 6, 1981, he possessed a 1979 Ford Thunderbird motor vehicle for which he was indebted to the secured creditor, Virginia National Bank, in the sum of $8,354.62. Since he desired to retain the vehicle, he entered into an agreement with the bank to do so pursuant to 11 U.S.C. 524(c). This was on March 31st.

Since a debtor must attend a discharge hearing, 11 U.S.C. 524(d), the Court usually sets at the same time the hearing for consideration of approval of any agreements between a holder of a claim and the debtor. 11 U.S.C. 524(c). At said hearing on June 22nd, the Court refused to approve the agreement finding it was not in the debtor's best interest so to do. 11 U.S.C. 524(c)(4)(A)(ii).

The debtor returned the vehicle to the bank on July 1st.

In the interim, since the filing of his bankruptcy, the debtor continued to make the monthly payments of $230.[1] These payments were made by military allotment which the debtor continued to facilitate the agreement entered into with the bank.

Since the Court did not approve the agreement, the debtor has now filed an application for full return of the funds paid in the interim.[2]

 The Court finds that $230 is a just and reasonable monthly rental charge for use of a 1979 Thunderbird and the application for return of funds is denied.

A creditor is entitled to reasonable compensation for the use of the vehicle and for the probable decrease in the value of its collateral.

IT IS SO ORDERED.

1. In seminars conducted for attorneys and for creditors just prior to the effective date of the Bankruptcy Code, October 1, 1979, the question was often asked as to what would be done with the funds should an agreement not be approved.

The Court advised that since considerable time would probably lapse between entering into the agreement and its consideration by the Court, *and* since most such agreements would

by their very nature be approved, the terms of the agreement might be applied upon signing with an adjustment by the Court in the instances where disapproval resulted.

This practical approach has worked well and this is the first of thousands of cases to present the issue.

2. The bank refunded those funds received subsequent to surrender of the vehicle on July 1st.